JUDGE REARDEN

UNITED STATES DISTRICT COURT

**25 CV 04620**

SOUTHERN DISTRICT OF NEW YORK

LEILA SROUR,

Plaintiff,

v.

CRYSTAL JING CHEN,

PETER DAVIS CHEN-CLAUS,

and

PETKEY LLC,

Defendants.

Case No.: [To be assigned]

COMPLAINT

(Jury Trial Demanded)

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Plaintiff Leila Srour is a resident and domiciliary of the State of New York.

3. Defendants Crystal Jing Chen and Peter Davis Chen-Claus are individuals believed to reside in the State of California, and are therefore citizens of a different state than Plaintiff for purposes of diversity jurisdiction.

4. Defendant PetKey LLC is a corporation or business entity organized and existing under the laws of the State of Michigan, with its principal place of business located in

Wixom, Michigan.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including communications and events involving the unlawful withholding of Plaintiff's dog and microchip alterations.

6. Venue is also proper under 28 U.S.C. § 1391(b)(1) as at least one Defendant is subject to personal jurisdiction in this District and all Defendants are residents of different states.

FACTS

7. Plaintiff Leila Srour is the lawful owner of a male Samoyed dog named Ice, born on or about November 27, 2018.

8. In or around late 2022, Plaintiff temporarily entrusted Ice to Defendants under informal terms and without any agreement to relinquish ownership.

9. Defendants have since refused to return Ice despite repeated demands from Plaintiff.

10. Defendants worked in coordination with PetKey LLC to unlawfully transfer the microchip registration of Ice without Plaintiff's consent.

11. The unauthorized microchip transfer occurred without due diligence or verification by PetKey LLC.

12. These actions deprived Plaintiff of her lawful property and caused emotional and financial harm.

LEGAL CLAIMS

Count I – Negligence

13. Plaintiff reasserts and incorporates by reference all preceding paragraphs.

14. Defendants owed Plaintiff a duty of care to act responsibly and not to interfere with her lawful ownership of Ice.

15. Defendants breached this duty and caused Plaintiff damages including emotional distress and legal costs.

Count II – Breach of Contract

16. Plaintiff had a verbal or implied agreement with Defendants regarding temporary custody of Ice.

17. Defendants breached this agreement by refusing to return Ice upon demand.

18. Plaintiff has suffered both emotional and financial harm as a result.

Count III – Facilitating Unauthorized Possession

19. Defendants intentionally coordinated actions to deprive Plaintiff of her property.

20. The unauthorized microchip change and ongoing refusal to return Ice support this claim.

21. Plaintiff continues to suffer harm as a result.

Count IV – Intentional Infliction of Emotional Distress

22. Defendants' conduct was extreme, intentional, and likely to cause emotional trauma.

23. Plaintiff has experienced significant emotional suffering from the loss and interference with her dog.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Immediate return of the dog Ice to Plaintiff's custody;

b. A declaration confirming Plaintiff as the lawful owner;

c. An order requiring reinstatement of Plaintiff's name on the microchip registry;

d. Compensatory and punitive damages;

e. Costs and attorneys' fees;

f. Any further relief the Court deems just and proper.

LEILA JROUR

06-02-2025