UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
**Case No. 25-cv-04620 (JHR)**

Leila Srour,
   Plaintiff,

v.

Crystal Jing Chen, Peter Davis Claus-Chen, and PetKey LLC,
   Defendants.

## PLAINTIFF LEILA SROUR'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Dated: January 16, 2026

### PRELIMINARY STATEMENT

Plaintiff Leila Srour respectfully submits these objections to the Report and Recommendation dated January 2, 2026. While the Report correctly permits certain claims to proceed, it mischaracterizes key facts, narrows Plaintiff's claims prematurely, and resolves disputed issues that must be credited in Plaintiff's favor at this procedural posture.

This action arises from the unauthorized possession and continued control of Plaintiff's registered service dog, Ice, obtained through reliance on a non-owner who lacked authority and maintained despite notice and repeated demands for return. Plaintiff has consistently alleged that she never entrusted Ice to Defendants, never consented to any transfer or placement, and was deprived of her service dog without authorization or lawful process. These allegations plausibly support multiple, overlapping causes of action and should not be prematurely confined at the pleading stage.

Plaintiff will quantify damages based on the factual development reflected in these objections and related submissions, and through additional evidence presented at the merits stage or as directed by the Honorable Judge Henry.

### STANDARD OF REVIEW

On review of objections to a Report and Recommendation issued on a motion to dismiss, the District Court conducts de novo review of the portions objected to. At this procedural posture, Plaintiff's factual allegations must be taken as true, and all reasonable inferences must be drawn in Plaintiff's favor. The Court may not resolve disputed facts, weigh evidence, or assess credibility.

### OBJECTION NO. 1 – MATERIAL MISSTATEMENT OF FACTS REGARDING CONSENT, ENTRUSTMENT, AND UNAUTHORIZED THIRD-PARTY CONDUCT

Error Identified: The Report incorrectly states that Plaintiff "temporarily entrusted Ice to the Chens," and omits critical facts regarding the role of an unauthorized third party.

Correction: Plaintiff has consistently alleged that she never entrusted, transferred, fostered, or relinquished Ice to Defendants—temporarily or otherwise. Plaintiff did not consent to any placement or possession of Ice by Defendants. Any possession obtained by Defendants occurred without Plaintiff's consent and was based on representations made by Plaintiff's father, a non-owner who lacked any legal authority or ownership interest in Ice. Plaintiff expressly denies that any non-owner had any right to transfer, place, or speak on her behalf regarding Ice. Any reliance by Defendants on representations by a non-owner—regardless of how that individual was identified—was unauthorized and without legal effect.

Supporting Record Evidence: Plaintiff's position is supported by contemporaneous veterinary records identifying Plaintiff as Ice's owner and by Plaintiff's Declaration dated September 20, 2025, submitted under penalty of perjury, which states that Plaintiff never consented—directly or indirectly—to any fostering, transfer, or placement of Ice with Defendants, and that any possession occurred without her authorization.

After learning who had possession of Ice, Plaintiff acted in good faith and demanded Ice's return. Rather than correcting the situation, Defendants initiated and completed an unauthorized microchip transfer, removing Plaintiff as the owner of record without consent, notice, or lawful process.

The conduct alleged constitutes an arbitrary deprivation of Plaintiff's property and possessory interests, implicating fundamental protections guaranteed by the Fourth and Fourteenth Amendments.

## OBJECTION NO. 2 – LACK OF TRANSPARENCY AND MISREPRESENTATION REGARDING POSSESSION

Defendants failed to provide clear and consistent disclosure regarding who possessed, controlled, or registered Ice. Judicial inquiry revealed that Ice was registered under Defendant Peter Davis Claus-Chen only after proceedings commenced. This lack of transparency bears directly on issues of unauthorized dominion, credibility, and intent.

## OBJECTION – IMPROPER DISMISSAL OF PLAINTIFF'S NEGLIGENCE CLAIM

The Report errs in concluding that Plaintiff failed to plead the existence of a duty as a matter of law. At the pleading stage, Plaintiff need only plausibly allege facts from which a duty may be inferred. Plaintiff alleges that Defendants assumed control over Plaintiff's registered service dog while knowing—or recklessly disregarding—that the individual purporting to transfer the dog lacked authority, that Plaintiff was the lawful owner, and that the dog was a service animal. These allegations plausibly support a duty to exercise reasonable care in verifying authority, avoiding unauthorized control, and preventing foreseeable harm.

Plaintiff further alleges that, after learning of Defendants' possession, she made repeated good-faith efforts to resolve the matter without court involvement, including demanding the return of her dog and offering financial reimbursement to facilitate reversal of the unauthorized

transfer and the safe return of Ice. Defendants failed to acknowledge these efforts or take corrective action despite notice. Plaintiff deliberately refrained from pursuing law-enforcement involvement or criminal theft reports in order to avoid escalation and to prioritize Ice's safety and well-being. When Defendants continued to refuse return and failed to engage in any remedial action, judicial intervention became the only remaining option.

The Report improperly resolves duty and foreseeability—fact-intensive inquiries—against Plaintiff at the motion-to-dismiss stage. The existence and scope of any duty under these circumstances should be addressed on a developed factual record, not foreclosed at the pleading stage.

**OBJECTION – IMPROPER DISMISSAL OF IIED CLAIM**

The Report improperly dismisses Plaintiff's claim for intentional infliction of emotional distress by minimizing the alleged conduct and resolving issues of intent and outrageousness that are inherently fact-dependent. Plaintiff alleges knowing and continued deprivation of her registered service dog after notice, interference with a legally protected relationship, and refusal to return the dog despite demand.

Plaintiff further alleges that Defendants persisted in retaining control of the dog despite multiple opportunities to resolve the matter without litigation. Plaintiff sought voluntary compliance and offered reimbursement to avoid escalation and protect Ice's safety and stability. Defendants' continued refusal to respond or take corrective action despite notice plausibly supports an inference of knowing or reckless conduct.

**CLARIFYING OBJECTION – BREACH OF CONTRACT FACTUAL FRAMING**

Plaintiff objects to the Report's characterization that she alleged an agreement with Defendants for the temporary care of her dog. Plaintiff has consistently alleged that she never entrusted, transferred, or consented to Defendants' possession of Ice. To the extent the Report construes Plaintiff's allegations to support a contract claim when read liberally, Plaintiff does not oppose that construction for pleading purposes. Plaintiff respectfully clarifies, however, that such construction does not reflect Plaintiff's actual consent or intent and should not be interpreted to undermine her ownership, conversion, or return-of-property claims.

**CLARIFYING STATEMENT REGARDING CONSTITUTIONAL REFERENCES AND DAMAGES (GOOD-FAITH POSITION)**

Plaintiff respectfully clarifies that any references to constitutional protections are offered solely as contextual guidance regarding the seriousness, arbitrariness, and foreseeability of the harm alleged, and not as an assertion of an independent constitutional cause of action against Defendants. Plaintiff proceeds in good faith and recognizes the distinction between jurisdictional doctrines and the merits of her claims.

Plaintiff alleges that Defendants' conduct caused significant and intentional harm and emotional distress, the full scope of which cannot be resolved at the motion-to-dismiss stage and will be addressed through evidence at the appropriate phase of the proceedings. Plaintiff further notes that her damages allegations were made in good faith and are grounded in

legally cognizable categories of harm. At this procedural posture, Plaintiff is not required to prove the precise quantum of damages, but only to plausibly allege that the amount in controversy exceeds the jurisdictional threshold.

The ultimate valuation, apportionment, and proof of damages, including those arising from emotional distress, intentional conduct, and the loss of Plaintiff's service dog, are matters appropriately reserved for later stages of the case based on a developed factual record.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court reject the portions of the Report and Recommendation dismissing Plaintiff's negligence and intentional infliction of emotional distress claims, correct the factual mischaracterizations regarding consent and entrustment, and permit Plaintiff's claims to proceed on a full and accurate record.