**UNITED STATES DISTICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LEILA SROUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CRYSTAL JING CHEN, PETER DAVIS CHEN-CLAUS, and PETKEY, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No. 1:25-cv-04620-JHR-HJR

**DEFENDANTS' RESPONSE TO PLAINTIFF LEILA SROUR'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

I.    **INTRODUCTION**

Defendants Crystal Jing Chen and Peter Davis Claus-Chen (the "Chen Defendants") respond to "Plaintiff Leila Srour's Objections to the Report and Recommendation" (ECF No. 50).

The Report and Recommendation ("R&R") (ECF No. 47) recommends granting in part and denying in part the Chen Defendants' motion to dismiss (ECF No. 14), namely, dismissing Plaintiff's negligence and intentional infliction of emotional distress ("IIED") claims and allowing the breach of contract and conversion claims to proceed. In objecting to the R&R, Plaintiff characterizes her treatment as procedurally unfair and substantively flawed, asserting that the R&R "mischaracterizes key facts, narrows Plaintiff's claims prematurely, and resolves disputed issues that must be credited in Plaintiff's favor at this procedural posture." *See* Pl.'s Objs. at 1 (ECF No. 50). Plaintiff portrays the R&R as minimizing her allegations and failing to credit her version of events, despite the Magistrate Judge having expressly applied a deferential pro se standard and allowing claims to proceed (rather than dismissing the entire action). The R&R reflects careful attention to Plaintiff's pro se status, construing her submissions liberally

and affording her every protection available—one such example is the R&R's expanding this case to include an unpled conversion claim. Plaintiff's objections are not well taken and should be disregarded and overruled in their entirety.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a district court conducts de novo review of those portions of a magistrate judge's report and recommendation to which a party makes specific, written objections, and may accept, reject, or modify the recommended disposition. For portions of the report to which there is no timely and specific objection, the district court reviews only for clear error (or, in its discretion, may simply adopt the recommendation). Conclusory or general objections, or objections that merely rehash arguments previously presented, do not trigger de novo review and are treated as a failure to object.

## III.    ARGUMENT

### A.  Objection No. 1 (Consent/Entrustment/Unauthorized Third-Party Conduct) Fails

Plaintiff's primary objection is that the R&R "incorrectly states" that she "temporarily entrusted" her dog to the Chen Defendants and that she never consented to any form of custodial care. Without regard to the veracity of factual claim, this objection is unavailing.

First, the R&R notes that it is grounded in Plaintiff's pleadings.[1] The R&R states: "Srour alleges that she temporarily entrusted Ice to the Chens in or around late 2022, but did not agree

---

[1] The R&R reads: "The following facts are drawn from the Complaint ('Compl.'), ECF No. 1, the Amended Complaint ('AC'), ECF No. 7, Srour's June 3, 2025 Declaration ('Srour 6/3/2025 Decl.'), ECF No. 8, Plaintiff's Opposition to the Motion to Dismiss ('Opp.'), ECF No. 22, Plaintiff's September 20, 2025 Declaration, ECF No. 25, Plaintiff's October 6, 2025 Letter, ECF No. 33, and Plaintiff's October 22, 2025 Letter, ECF No. 37." R&R at 1–2.

to relinquish ownership." R&R at 2 (citing Compl. ¶ 8). The R&R explained that it was considering Plaintiff's original complaint as well as the amended complaint and Plaintiff's subsequent submissions. R&R at 1. Plaintiff's principal objection—that she never alleged any temporary entrustment or custodial care—is directly contradicted by her original pleading. Plaintiff cannot avoid the consequences of her own allegations by later recharacterizing them in objections. Nor does the factual dispute matter for purposes of the R&R's legal analysis, which already recommended that Plaintiff's unpled conversion claim proceed based on alleged unauthorized dominion and refusal to return the dog.

Second, even accepting Plaintiff's current factual framing, the objection does not undermine the R&R's legal conclusions. Whether Plaintiff initially entrusted the dog or whether Defendants allegedly obtained possession without consent is a factual dispute that goes to the merits. As noted, the R&R already credited Plaintiff's allegations sufficiently to allow her conversion and breach of contract claims to proceed. The entrustment dispute therefore does not justify expanding negligence or IIED theories that fail as a matter of law.

### B. Objection No. 2 (Lack of Transparency) Is Not Well Taken

Plaintiff asserts that Defendants failed to provide transparent information regarding possession or registration. Even if accepted as true, these allegations do not affect the legal sufficiency of Plaintiff's negligence or IIED claims. The R&R recognized that disputes regarding possession and registration fall within the scope of the surviving conversion and contract claims.

### C. The R&R Correctly Dismissed the Negligence Claim

Plaintiff argues that the R&R improperly resolved questions of duty and foreseeability. But under New York law, the existence of a legally cognizable duty is a threshold legal issue for negligence, not a factual one. The R&R correctly held that Plaintiff failed to plead a duty recognized by law under the circumstances alleged. Plaintiff's negligence theory merely

3

repackages her intentional property-based allegations as "failure to verify authority." As the R&R properly concluded, such allegations are addressed by conversion and contract, not negligence, and allowing the negligence claim to proceed would legally improper.

### D. The R&R Correctly Dismissed the IIED Claim

Plaintiff's objection to dismissal of her IIED claim likewise fails. The R&R accurately applied the stringent New York standard requiring "extreme and outrageous" conduct and correctly concluded that the alleged conduct—refusal to return a dog following a disputed transfer—does not approach the level of atrocity required to sustain an IIED claim as a matter of law. Plaintiff's disagreement is essentially with the governing legal standard, not with the R&R's application of it.

### E. Clarifying Objection—Breach of Contract Factual Framing Fails

Plaintiff's "clarifying objection" is ill-founded because it rests on a mischaracterization of the R&R and misunderstands the governing pleading standard. The Magistrate Judge did not find, as a matter of fact, that Plaintiff consented to the Chen Defendants' possession of the dog; rather, applying the liberal construction standard for pro se pleadings, the Magistrate Judge concluded that Plaintiff's own allegations plausibly supported the existence of an oral agreement for temporary care for purposes of Rule 12(b)(6). *See* R&R at 13–14 (finding that "drawing all reasonable inferences in her favor, Plaintiff adequately alleges the existence of an oral agreement for the Chens to care for her dog temporarily and to return the dog thereafter"). The R&R expressly acknowledged the sparseness and ambiguity of Plaintiff's allegations and characterized the issue as a "close call," resolving it in Plaintiff's favor at the pleading stage. *Id*. Plaintiff's attempt to disclaim the factual implications of her own pleaded theory while simultaneously preserving the legal benefit of that liberal construction is procedurally incoherent; she cannot

4

both rely on the R&R's pro se solicitude to sustain a contract claim and then object that the very same construction "does not reflect Plaintiff's actual consent or intent." (ECF No. 50 at 3).

### F. Constitutional References

Plaintiff clarifies that she is not asserting an independent constitutional claim. The R&R already addressed and correctly rejected any constitutional theory due to the absence of any state action. No modification of the R&R is required.

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court overrule Plaintiff's objections (ECF No. 50).

Date: January 30, 2026

Respectfully submitted,

**BUCKHEIT PARTNERS LLP**

*/s/ John L. Buckheit*
John L. Buckheit, Esq.
20 Spring Street, Suite 1
Warwick, NY 10990
Telephone: (845) 357-0265
Email: buckheit@buckheitpartners.com

*Counsel for Defendants*
*Crystal Jing Chen and*
*Peter David Chen-Claus*

**CERTIFICATION OF COMPLIANCE WITH WORD LIMIT**

Pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the undersigned counsel hereby certifies that this response to PLAINTIFF LEILA SROUR'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF No. 50) contains 1,172 words, excluding the case caption, table of contents, table of authorities, signature block, and this certificate, as counted by the word processing system used to prepare this memorandum (i.e., Microsoft Word).

Date: January 30, 2026

Respectfully submitted,

**BUCKHEIT PARTNERS LLP**

*/s/ John L. Buckheit*
John L. Buckheit, Esq.
20 Spring Street, Suite 1
Warwick, NY 10990
Telephone: (845) 357-0265
Email: buckheit@buckheitpartners.com

*Counsel for Defendants*
*Crystal Jing Chen and*
*Peter Davis Chen-Claus*