**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LEILA SROUR,
Plaintiff,

v.

CRYSTAL JING CHEN, PETER DAVIS CHEN–CLAUS, and PETKEY, LLC

Defendants,

**Case No. 1:25-cv-04620-JHR-HJR**

**JOINT STATUS REPORT**

This Joint Status Report is submitted pursuant to the Court's Order dated February 12,2026, and in compliance with the Court's directive that such report be filed on or before April 13, 2026.

**Plaintiff Leila Srour's Position:**

Plaintiff Leila Srour respectfully submits the following status update.

This action arises from the unauthorized transfer and continued possession of Plaintiff's dog, Ice, without Plaintiff's knowledge or consent, including actions involving Defendant PetKey, LLC's authorization of a microchip transfer without appropriate verification and despite Plaintiff's objection. Plaintiff maintains that she is the sole legal owner of Ice and has continuously asserted her ownership rights.

Since the last status update, Plaintiff has complied with her discovery obligations in good faith. Plaintiff has served responses and objections to the Chen Defendants' two Requests for Production, including the Second Request for Production, and has produced responsive, non-privileged documents in her possession. Additional productions, including materials relating to damages, are forthcoming.

Plaintiff further notes that she has served one set of Requests for Production on each of the Chen Defendants and Defendant PetKey, LLC. Plaintiff has also responded to a revised First Request for Production served by PetKey, LLC after raising objections that the initial requests were overly broad, unduly burdensome, and not sufficiently particularized under the Federal Rules of Civil Procedure.

Plaintiff further notes that key ownership and foundational records—including the purchase documentation for Ice—have been produced and made available to Defendants.

Plaintiff has also taken steps to obtain relevant third-party evidence not within her possession, including issuing a subpoena pursuant to Federal Rule of Civil Procedure 45 to Kinship Partners, Inc. (d/b/a Adopt-a-Pet.com), which is believed to maintain records relating to the listing and transfer at issue.

Plaintiff further notes that critical records relating to the microchip registration, account access, and transfer activity concerning Ice are maintained by Defendant PetKey, LLC. Such records—including system logs, verification records, account activity, and internal communications—are within PetKey's exclusive possession, custody, and control and are central to the claims and defenses in this action.

Plaintiff further notes that certain positions taken by Defendants in discovery—including objections to routine service of discovery materials on all parties and responses that are duplicative and misdirected—have imposed unnecessary burden and inefficiency. Plaintiff has served discovery materials in accordance with the Federal Rules of Civil Procedure, including the requirement that notice of subpoenas be provided to all parties. Plaintiff's discovery conduct has been consistent with her obligations, and any contrary position lacks basis under the Rules.

Plaintiff further notes that a significant portion of the Chen Defendants' First and specifically Second Request for Production is duplicative of prior requests and, in multiple instances, unduly burdensome. Notwithstanding this, Plaintiff has responded in good faith and continues to produce responsive materials.

Discovery is ongoing. Plaintiff anticipates additional productions and, if necessary, further third-party discovery to obtain records central to the claims and defenses in this matter.

At this time, Plaintiff is not aware of any basis to modify the current discovery schedule, but reserves all rights to seek appropriate relief should discovery disputes persist or additional relief become necessary.

Plaintiff remains committed to proceeding efficiently, transparently, and in good faith.


**Defendant PetKey, LLC's Position:**

Petkey issued a first set of document demands to Plaintiff which was initially objected to as being overbroad and burdensome. The Petkey demands were very similar and in certain instances identical to those issued to Plaintiff by the Chen Defendants and responded to by Plaintiff. Nonetheless, Petkey modified certain of the requests to avoid further dispute. Petkey recently received a response and a production of documents from

Plaintiff.  Petkey believes the response is insufficient in certain respects and is in the process of preparing a letter to Plaintiff outlining the specific issues so that a discussion can occur in an effort to resolve the objections.  Separately, Petkey has received a set of document requests from Plaintiff, responses to which are being prepared and will be issued on a timely basis.

**Chen Defendants' Position:**

The Chen Defendants have served Plaintiff with a first and second set of document requests. Plaintiff has served responses and produced documents. Based on comments from Plaintiff, the Chen Defendants believe that Plaintiff has additional responsive documents to produce. The Chen Defendants also believe that the discovery response is insufficient in certain respects and is currently preparing a letter to Plaintiff outlining the specific issues so that a discussion can occur in an attempt to resolve the objections without the need for judicial intervention.

Plaintiff has served a set of document requests on the Chen Defendants, the response to which is due on April 24, 2026. The Chen Defendants are preparing and will serve a timely response thereto. Additionally, the Chen Defendants presently intend for an accompanying document production that will constitute the substantial majority, if not all, responsive, nonprivileged documents in the Chen Defendants' possession.

No depositions have been noticed from any party.

Respectfully submitted,

Leila Srour
Plaintiff, Pro Se

April 13,2026