UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEILA SROUR,

Plaintiff,

-v.-

CRYSTAL JING CHEN, et al.,

Defendants.

25 Civ. 4620 (JHR) (HJR)

ORDER ADOPTING REPORT AND RECOMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Leila Srour, acting *pro se*, brought this action against Defendants Crystal Jing Chen, Peter Davis Chen-Claus (together, the "Chens"), and Petkey LLC ("Petkey") on June 2, 2025, alleging that the Chens took unauthorized possession of her dog and that Petkey coordinated with the Chens to unlawfully transfer the dog's microchip registration to them. ECF No. 1 (Compl.). On June 3, 2025, Plaintiff filed an amended complaint (the "Amended Complaint") asserting claims for negligence, breach of contract, facilitating unauthorized possession, and intentional infliction of emotional distress ("IIED"). ECF No. 7 (Am. Compl.). On June 17, 2025, the Court referred the case to Magistrate Judge Henry J. Ricardo for general pretrial purposes and for a report and recommendation on dispositive motions. ECF No. 10. Before the Court is (1) the Report and Recommendation of Judge Ricardo recommending that the Chens' motion to dismiss be granted in part and denied in part, ECF No. 47; (2) Plaintiff's objections to the Report and Recommendation, ECF No. 50; and (3) the Chens' response to Plaintiff's objections, ECF No. 52. For the reasons set forth below, the Court overrules Plaintiff's objections and adopts the Report and Recommendation in full.

## BACKGROUND[1]

Plaintiff's Amended Complaint alleges that Plaintiff "is the lawful owner of Ice, a Samoyed dog," and that, "[i]n early 2023, [the Chens] took unauthorized possession of Ice while Plaintiff was temporarily away." Am. Compl. ¶¶ 7, 9. Plaintiff also claims that "Defendants breached verbal or implied agreements regarding the temporary housing or care of Ice."[2] *Id.* ¶ 15. On July 1, 2025, Defendant Petkey filed an answer to the Amended Complaint. ECF No. 13. On July 7, 2025, the Chens moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. ECF No. 14. By letter dated August 1, 2025, Plaintiff requested an extension of the deadline to oppose the Chens' motion to dismiss. ECF No. 19. On August 5, 2026, Judge Ricardo extended Plaintiff's deadline to September 2, 2025 and *sua sponte* extended the Chens' deadline to reply to September 9, 2025. *Id.*

On August 5, 2025, the Chens filed a notice pursuant to Local Rule 12.1 informing Plaintiff that they had "submitted materials outside the pleadings in support of their motion" to dismiss, which meant "that [they] h[ad] asked the Court to decide this case without a trial, based on these written materials." ECF No. 20. The notice cautioned Plaintiff "that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure," and that "THE CLAIMS [PLAINTIFF] ASSERT[ED] IN [HER] COMPLAINT [COULD] BE DISMISSED WITHOUT A TRIAL IF [SHE] D[ID] NOT RESPOND TO TH[E]

---

[1] Familiarity with the facts, which are set forth in more detail in the Report and Recommendation, is assumed. *See* ECF No. 47.

[2] Plaintiff's original Complaint averred that, "[i]n or around late 2022, Plaintiff temporarily entrusted Ice to Defendants," and that "Defendants have since refused to return Ice despite repeated demands from Plaintiff." Compl. ¶¶ 8-9.

MOTION [TO DISMISS] ON TIME." *Id.* On September 2, 2025, Plaintiff filed her opposition to the motion to dismiss, which was entered on the docket on September 5, 2025. ECF No. 22.

On September 8, 2025, the Chens filed a letter requesting until September 12, 2025 to file their reply. ECF No. 23. That same day, Judge Ricardo directed "Plaintiff to review her electronic filings and to review the [Local Rule 12.1] notice provided by Defendants, dated August 5, 2025," and informed Plaintiff that she could "submit additional evidence to counter the facts asserted by Defendants by September 19, 2025." ECF No. 24. Plaintiff filed a "declaration in support of the relief requested," with exhibits, on September 20, 2025. ECF No. 25. On September 24, 2025, the Chens addressed a letter to Plaintiff "seeking clarification of her opposition's completeness" and flagging that her supplemental submission was filed a day late. ECF No. 27. On September 25, 2025, Plaintiff filed a letter confirming that "all documents referenced in [her] Opposition [had been] submitted" and stating that she had "acted at all times in good faith to meet the Court's deadline." ECF No. 26.

On September 26, 2025, Judge Ricardo "accept[ed] [Plaintiff's] late submission as timely," "t[ook] Plaintiff at her word that all the documents she intended to submit with her opposition were included in her filings, and [warned that] no further submissions by Plaintiff w[ould] be considered." ECF No. 28 at 2. Judge Ricardo also extended the Chens' deadline to file a reply in further support of their motion to dismiss to October 6, 2025. *Id.*

On October 6, 2025, the Chens filed their reply. ECF No. 31. Between October 6 and October 22, 2025, Plaintiff made five additional submissions. ECF Nos. 32-34, 36, 37. On October 23, 2025, Judge Ricardo noted that "Plaintiff ha[d] repeatedly represented that she ha[d] submitted all supporting documents and evidence in support of her opposition" and directed that "no further submissions that present the same arguments and materials should be filed." ECF No. 38.

On January 2, 2026, Judge Ricardo issued an 18-page Report and Recommendation recommending that "[t]he motion to dismiss for lack of subject matter jurisdiction [] be denied"; that "Plaintiff's negligence and intentional infliction of emotional distress claims [] be dismissed"; and that "[c]laims for breach of contract and conversion [] proceed." ECF No. 47 at 17. The Report and Recommendation notified the parties that they had "14 days . . . to file any objections." *Id*. The Report and Recommendation also cautioned that "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**." *Id.* at 17-18. On January 9, 2026, Plaintiff "acknowledge[d] receipt of the Report and Recommendation[]" and informed the Court that she "intend[ed] to submit objections." ECF No. 49. On January 16, 2026, Plaintiff filed Objections to the Report and Recommendation. ECF No. 50. On January 30, 2026, the Chens filed a response to Plaintiff's Objections. ECF No. 52. On January 31, 2026, Plaintiff filed a clarification to "address a significant and inaccurate mischaracterization contained in the Chens' response," specifically that "[a]ny suggestion that Plaintiff disparaged or challenged the Court is incorrect and unsupported by the record." ECF No. 53.

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But "when a party makes only conclusory or general objections, or simply reiterates [her] original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of*

*Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (same); *Bailey v. U.S. Citizenship & Immigr. Servs*., No. 13 Civ. 1064 (GBD) (SN), 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal quotations and citation omitted).

With respect to any portions of the report and recommendation as to which no objection is made, the Court may adopt such portions "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527 (RA) (RLE), 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon*, 2023 WL 1516905, at *2 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Finally, when making objections, "[*p*]*ro se* parties are generally accorded leniency." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

## DISCUSSION

Plaintiff's principal objection to Judge Ricardo's Report and Recommendation, ECF No. 50, is that "[t]he Report incorrectly states that Plaintiff 'temporarily entrusted Ice to the Chens[]'

and omits critical facts regarding the role of an unauthorized third party." *Id.* at 2. The Chens correctly noted that this objection was "directly contradicted by Plaintiff's original pleading." ECF No. 52 (citing Compl. ¶ 8, which alleged that, "[i]n or around late 2022, Plaintiff temporarily entrusted Ice to Defendants"); *see also* Am. Compl. ¶ 15 (asserting that "Defendants [had] breached verbal or implied agreements regarding the temporary housing or care of Ice").

"[I]n light of plaintiff's *pro se* status," Judge Ricardo properly "consider[ed] the factual allegations set forth in the original Complaint [and] the Amended Complaint." *Sander v. Enerco Grp., Inc.*, No. 21 Civ. 10684 (VB), 2023 WL 1779691, at *4 (S.D.N.Y. Feb. 6, 2023); *see Wen Liu v. Mount Sinai Sch. of Med.*, No. 9 Civ. 9663 (RJS), 2012 WL 4561003, at *1 (S.D.N.Y. Sept. 24, 2012) (drawing facts "from the original Complaint [ ] and Amended Complaint [ ]"), *aff'd sub nom.*, *Wen Liu v. Mount Sinai Sch. of Med. & Agents*, 559 F. App'x 106 (2d Cir. 2014). In doing so, he "afforded Plaintiff's complaint the liberal construction to which *pro se* pleadings are entitled," *Schenk v. Verizon*, No. 10 Civ. 6281 (GBD), 2011 WL 6778284, at *1 (S.D.N.Y. Dec. 20, 2011), and "dr[ew] all reasonable inferences in her favor" to find that Plaintiff had "adequately allege[d] the existence of an oral agreement for the Chens to care for her dog temporarily and to return the dog thereafter," ECF No. 47 at 13.

As for Plaintiff's "objections" to Defendants' "lack of transparency," and clarification that "any references to constitutional protections are offered solely as contextual guidance regarding the seriousness, arbitrariness, and foreseeability of the harm," ECF No. 50 at 3, those arguments do not address any "particular findings" in the Report and Recommendation and therefore "do not trigger *de novo* review." *See Bailey*, 2014 WL 2855041, at *1.

Plaintiff's remaining objections, with respect to Judge Ricardo's conclusions regarding Plaintiff's negligence, breach of contract, and IIED claims, either "rehash[] her previous arguments [or] raise[] new arguments and factual assertions" not previously made. *Davis v.*

*Comm'r of Soc. Sec.*, No. 15 Civ. 6301 (AT) (FM), 2016 WL 3453452, at *1 (S.D.N.Y. June 16, 2016) (overruling objections to report and recommendation); *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all.") (citation omitted). For example, Plaintiff objects to the Report and Recommendation recommending dismissal of her negligence claim on the ground that she plausibly alleged facts to support "a duty to exercise reasonable care." ECF No. 50 at 2. But in opposing the Chens' motion to dismiss that claim for failure to allege a duty, Plaintiff did not make that argument or supplement her allegations with any additional facts or law to support a finding of duty. *See generally* ECF No. 22. Similarly, Plaintiff's only objection to Judge Ricardo's recommendation to dismiss the IIED claim is that Defendant "interfere[d] with a legally protected relationship," which amounted to "knowing and reckless conduct." ECF No. 50 at 3. Plaintiff did not previously aver that her relationship with Ice amounted to a "legally protected relationship," however, let alone that interference with that relationship amounted to "egregious conduct necessary to support an IIED claim." ECF No. 47 at 15. "Accordingly, the Court reviews [those portions of the report and recommendation] for clear error" as well. *Davis*, 2016 WL 3453452, at *1. "The Court has carefully reviewed the motion to dismiss, the Report and Recommendation, Plaintiff's objections, and [the Chens'] response and concludes that the Report and Recommendation is 'well-reasoned and grounded in fact and law.'" *Berger v. Dep't of Def.*, No. 24 Civ. 07450 (JHR) (SDA), 2025 WL 2792595, at *2 (S.D.N.Y. Sept. 30, 2025) (citing *Kumar v. United States of America*, No. 22 Civ. 5533 (JGLC), 2025 WL 1194376, at *2 (S.D.N.Y. Apr. 22, 2025)) (overruling objections that were not "specific or aimed at any particular findings" in the report and recommendations).

**CONCLUSION**

Accordingly, the Court overrules Plaintiff's objections and adopts the Report and Recommendation in its entirety. The Chens' motion to dismiss is (1) DENIED with respect to subject matter jurisdiction and the breach of contract and conversion claims, (2) and GRANTED with respect to Plaintiff's negligence and IIED claims.

The Clerk of Court is directed to terminate ECF No. 14. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: July 9, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge